IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

QUAR'MARDEN Q. BRAND, #214200
    Plaintiff,

vs.                                        Case No. 5:13cv174/RS/EMT

DAVID PUCKETT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 15). Plaintiff has been granted leave to proceed in forma pauperis in this case (doc. 6).

       Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

       Section IV of the complaint form requires Plaintiff to disclose information regarding all prior civil cases he has filed in state and federal court (*see* doc. 15 at pages 3–5 on the Form). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at page 4 on the Form). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "No" (*id.* at 5). Thus, Plaintiff has

in effect stated that he has <u>never</u> initiated other actions in federal court that relate to the fact or manner of his incarceration or the conditions of his confinement.

Question D of Section IV of the complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (*id.*). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "No" (*id.*). Thus, Plaintiff has in effect stated that he has had <u>no</u> actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (*id.* at page 7 on the Form).

Upon review of the docket, this court takes judicial notice that, as of the date Plaintiff filed the amended complaint in the instant case, August 7, 2013 (*see* doc. 15 at 27), he had previously filed <u>Brand v. Hamilton, et al.</u>, Case No. 3:10-cv-00377-LC-MD, a case that dealt with the fact or manner of his incarceration. Specifically, Plaintiff complained of physical force and verbal abuse while incarcerated at the Santa Rosa County Jail. That complaint was dismissed as frivolous by the court on December 1, 2010 (*see* Case No. 3:10-cv-00377-LC-MD, doc. 6).

At the time of his amended complaint, Plaintiff had also previously filed <u>Brand v. Inmate Phone Service, et al.</u>, Case No. 3:10-cv-00415-MCR-EMT, which complained of unfair pricing of the inmate phone service at Santa Rosa County Jail. Filed on October 19, 2010, that case was dismissed on February 25, 2011, for Plaintiff's failure to respond to an order of the court (*see* Case No. 3:10-cv-00415-MCR-EMT, doc. 19).

In the instant complaint form, Plaintiff did not list either of these previous cases in Section IV, even though the cases clearly qualified as federal court actions that were responsive to question

C (actions relating to the fact or manner of confinement), and one case clearly qualified as a federal court action that was responsive to question D (actions dismissed as frivolous).[1]

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g).[2] The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action. The information also helps the court identify prisoner plaintiffs who have been permitted to proceed in forma pauperis, and thus are obligated to pay the filing fee in full by installment, but may not have kept their payment status current. The time a court would otherwise have to spend verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[3]

---

[1] The Court takes notice of the fact that, in the initial complaint filed in the instant case, Plaintiff does appear to identify one of his two previous cases, Case No. 3:10-cv-00377-LC-MD, not by case number but by identifying one of the defendants in that case and an approximate filing date of October 2010 and by describing his facts and claims in that case as "he kick me why [sic] I was a sleep [sic]" (*see* doc. 1 at 4–5). While this half-baked attempt might have sufficed for the court's purposes had it been the only one of Plaintiff's previous cases, it was not, and Plaintiff's shortcoming was compounded by the fact that he then excluded this scarce amount of information from the amended complaint, despite being instructed in the Court's earlier order to amend that "the amended complaint must be complete in and of itself and must contain all of his allegations; once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida" (*see* doc. 9 at 2). Furthermore, Section IV of the complaint form also includes the following notice: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL" (*see* doc. 15 at page Three on the Form; *see also* doc. 1 at same) (emphasis and capitalization in original). As it stands, this court is only left to conclude that Plaintiff understood what was required of him on the complaint form but had little interest in being forthcoming as to the matter.

[2] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations.  Plaintiff has affirmatively misrepresented the facts to this court.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the instant case could result from his untruthful answers.  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).[4]

Accordingly, it is respectfully **RECOMMENDED**:

1.  That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

2.  That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 22nd day of May 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] In its review of this case, the court did not overlook the fact that Plaintiff also filed a Motion for Temporary Restraining Order (Doc. 22), a Motion to Demand Walton Correctional Institution to Release out of Confinement or Transfer (Doc. 30), and a Motion to Request and Give Current Information (Doc. 31), the latter two of which could be construed as being in the nature of a Motion for Temporary Restraining Order or as supplementing the Motion for Temporary Restraining Order that Plaintiff already filed.  Given the current procedural posture of the case, the court reviewed these motions to ensure that there were no exigent issues, issues that might involve an immediate threat of great bodily harm, or other such issues that might cause the court to address them in some manner notwithstanding the recommendation of dismissal.  Upon review, the court found that these motions basically raise issues of Plaintiff's prisoner classification or disciplinary matters that were taken against him.  Thus, the court is satisfied that there are no issues that might require direct attention or otherwise impact the recommendation of dismissal.

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).